IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANOVER INSURANCE GROUP, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 4:24-cv-2790 |
| BRUMAN AND BAER, P.C. d/b/a BRUMAN AND ASSOCIATES, STEVEN BRUMAN, and BENJAMIN ADLER. | | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff HANOVER INSURANCE GROUP ("Hanover") files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) stating as follows:

### I. INTRODUCTION

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. Hanover seeks a determination of the parties' rights and obligations under a professional liability insurance policy issued to Defendant Bruman and Baer, P.C. d/b/a Bruman and Associates (Bruman and Associates) for the period February 17, 2023 to February 17, 2024 pursuant to Policy No. LHD D830722 04 (the "Hanover Policy").[1] Defendant Steven Bruman is an Insured under the Hanover Policy.

2. A dispute exists between Hanover and Defendants Bruman and Associates and Steven Bruman regarding whether Hanover is obligated under the terms and conditions of the

---

[1] A true and correct copy of the Hanover Policy is attached hereto as Exhibit A.

Hanover Policy to defend and indemnify them in connection with a legal malpractice lawsuit (the "Underlying Lawsuit") brought against them on February 7, 2023 by Defendant Benjamin Adler ("Adler") in the District Court of Harris County, Texas.[2]

3. Hanover has been defending Defendants Bruman and Associates and Steven Bruman in the Underlying Lawsuit since March 2023 subject to a full and complete reservations of rights.

4. The Underlying Lawsuit alleges that Adler retained Defendant Bruman and Associates in March 2018 to represent him in divorce proceedings filed in the 308th Judicial District Court of Harris County, Texas bearing Cause No 2017-75961 and titled *In the Matter of the Marriage of Yehudit Maydi Adler and Benjamin Aaron Adler, et al.*, (the "Adler Divorce").[3] The Underlying Lawsuit alleges that Defendant Bruman and Associates filed an amended counterpetition in the Adler Divorce in October 2019 "adding a claim for reimbursement to recover community funds that were used to pay the Wife's separate liabilities" but "did not plead a claim for the reimbursement of Adler's separate estate."[4]

5. The Underlying Lawsuit alleges that the Adler Divorce proceeded to trial in January 2020, at which time Defendant Steven Bruman attempted to introduce evidence that Adler used $179,227 of his separate property funds to purchase a community asset, identified as real property located at 8914 Braewick Drive, Houston, Texas 77074.[5] The Underlying Lawsuit alleges that Defendant Steven Bruman argued Adler's separate property estate should be reimbursed for this

---

[2] The Underlying Lawsuit is *Benjamin Adler v. Bruman and Baer, P.C. d/b/a Bruman and Associates, Steven Bruman, KoonsFuller, P.C., and Sherri Evans*, Cause No. 2023-07810 in the 234th Judicial District Court of Harris County, Texas. A copy of the original petition and the first supplemental petition in the Underlying Lawsuit are attached hereto as Exhibit B.
[3] Ex. B, ¶14.
[4] *Id.,* ¶15.
[5] *Id.,* ¶16.

expense if the Braewick property is considered community property."[6] The Underlying Lawsuit alleges that Adler's wife "objected to this evidence, asserting that Adler had not pled a reimbursement claim to recover the separate property funds that were used to buy the Braewick property."[7]

6. The Underlying Lawsuit alleges that Defendant Bruman and Associates "filed a motion for leave to amend Adler's counterpetition for divorce and a trial brief, in which it sought leave to amend Adler's counterpetition to add a reimbursement claim in connection with use of Adler's separate property funds to buy the Braewick property"[8]

7. The Underlying Lawsuit alleges that the trial court denied Defendant Bruman and Associate's motion and sustained the wife's objections because: "(1) there was no pleading to support the reimbursement claim, (2) the Wife was surprised and prejudiced by the late amendment and (3) any evidence related to the reimbursement claim must be excluded under Texas Rule of Civil Procedure 193.6 because it was not produced in response to discovery . . . through Defendants [Steven] Bruman and Bruman and Associates' failure to supplement."[9]

8. The Underlying Lawsuit alleges: "In open court Defendants [Steven] Bruman and Bruman and Associates admitted that their failure to plead a reimbursement claim for Adler's separate estate was a 'clerical' error and 'a good faith honest mistake.'"[10]

9. The Underlying Lawsuit goes on to allege that the trial court in the Adler Divorce "also excluded evidence about Adler's $133,647 reimbursement claim for the community estate, which represented community funds that were used to pay the Wife's separate liabilities. The trial

---

[6] *Id.*.
[7] *Id.*
[8] *Id.*, ¶17.
[9] *Id.*, ¶18.
[10] *Id.*, ¶19.

court said Defendants [Steven] Bruman and Bruman and Associates had not provided sufficient information in discovery to support this claim and had failed to properly plead this claim."[11]

10. The Underlying Lawsuit alleges that the trial court in the Adler Divorce "signed its Final Decree of Divorce in June 2021" and "Adler did not recover anything on his reimbursement claims, which was the direct result of Defendants' negligent acts and omissions."[12]

11. The Hanover Policy's Professional Services Coverage states that Hanover will pay on the insured's behalf those sums the insured becomes legally obligated to pay as damages because of any claim made against the insured for a wrongful act, provided that "*None of **You*** had knowledge of a **Wrongful Act**, or any facts or other circumstances, which may reasonably give rise to a **Claim** . . . prior to the inception date of the policy.[13]

12. The Hanover Policy incepted on February 17, 2023, and Defendant Steven Bruman, who was an Insured under the Hanover Policy, knew, prior to February 17, 2023, 2013, that in January 2020, during trial of the Adler Divorce, the trial court denied Bruman's motion for leave to amend Adler's petition to add a reimbursement claim, and the trial court .

13. An objectively reasonable attorney with knowledge of the same facts known to Defendant Steven Bruman could have reasonably expected that a claim for malpractice would be asserted by Adler, especially as of January 2020, when the trial court denied Defendant Bruman and Associate's motion for leave to amend Adler's petition to assert a claim for reimbursement.

14. Defendant Bruman and Associates first notified Hanover of Adler's legal malpractice lawsuit on March 6, 2023, after Defendants Bruman and Associates and Steven Bruman were served with the Underlying Lawsuit and approximately three weeks after the

---

[11] *Id.*, ¶20.
[12] *Id.*, ¶21.
[13] Ex. A, Form 913-1001 01/21, pp. 1-2 of 16.

4

Hanover Policy incepted.

15. Because Defendant Steven Bruman's knowledge of facts prior to inception of the Hanover Policy on February 17, 2023 would have caused a reasonably objective attorney to expect that a claim for malpractice could be asserted by Adler, Defendants Steven Bruman and Bruman and Associates cannot meet their burden of proof to show that coverage for the Underlying Lawsuit is implicated under the Hanover Policy's Professional Services Coverage. Accordingly, Hanover has no duty to defend or indemnify Defendants Steven Bruman and Bruman and Associates in the Underlying Lawsuit.

## II. THE PARTIES

16. Plaintiff Hanover is, and at all times relevant hereto was, an insurance company organized and existing under the law of New Hampshire, with its principal place of business in Worcester, Massachusetts.

17. Defendant Bruman and Associates is a Texas professional corporation with its principal place of business in Spring, Texas. Defendant Bruman and Associates can be served with process through its registered agent, Defendant Steven Bruman, at 8128 Spring Cypress Rd., Spring, Texas 77379.

18. Defendant Steven Bruman is a Texas resident. He may be served with process at his place of business at 8128 Spring Cypress Rd., Spring, Texas 77379.

19. Defendant Benjamin Adler is Texas resident. He may be served with process at 4422 Meyerwood Drive, Houston, Texas 77096.

## III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between citizens of different states of the United States. Specifically, this matter involves liability insurance coverage for an Underlying Lawsuit wherein the Defendant Adler alleges monetary relief more than $250,000 but not more than $1,000,000.[14]

21. This Court has personal jurisdiction over the Defendants Bruman and Associates, Steven Bruman and Adler because they are all citizens of the State of Texas.

22. An actual controversy exists between Hanover and all Defendants, and therefore this Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201(a).

23. Defendant Adler is a proper party to this lawsuit as he is the plaintiff in the Underlying Lawsuit and Hanover seeks to bind him to the judgment in this litigation.

24. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in Texas and within this district and division.

### IV. FACTUAL BACKGROUND

**A.    The Hanover Policy**

25. Hanover issued a Lawyers Advantage Professional Liability Insurance Policy to Defendant Bruman and Associates pursuant to Policy No. LHD D830722 04 for the period February 17, 2023 to February 17, 2024.[15] Defendant Steven Bruman qualifies as an **Insured** as that term is defined in the Hanover Policy, because he is a past and present owner and president of Defendant Bruman and Associates.[16]

---

[14] Ex. B, ¶2.
[15] Ex. A, Form 913-1911 01/21, p. 1 of 3.
[16] *Id.*, Form 913-1001 01/21, p. 6 of 16, definitions of **Insured**, "Any individual who was, is or becomes an owner, partner, officer, director, shareholder, associate, paralegal, manager, member or employee of the **Named Insured**, solely while acting in a professional capacity on behalf of the **Named Insured** or a **Predecessor Firm**."

26. The Hanover Policy provides Professional Services Coverage with a limit of $500,000 each **Claim** not to exceed $1,000,000 for all **Claims** in the Aggregate.[17] The Deductible is $5,000 each **Claim**[18] and applies to loss and expenses.[19]

27. The Hanover Policy contains the following relevant provisions, conditions, definitions and exclusions:

> **This is a CLAIMS-MADE AND REPORTED Policy. Subject to the terms, conditions, exclusions and limitations of this Policy, coverage is limited to liability for only those Claims that are first made against You and reported to Us in writing after the Retroactive Date and during the Policy Period or an Extended Reporting Period.**
>
> **This is a "defense within limits" Policy with Claim Expenses included within the Limit of Liability. The Limit of Liability available to pay Damages will be reduced by amounts We pay for Claim Expenses as defined in the Policy. Further note that amounts incurred for Claim Expenses and Damages are subject to the deductible.**
>
> **Please read this Policy carefully.**
>
> Throughout this **Policy**, the terms **We**, **Us** and **Our** refer to the **Company** providing this insurance. The terms **You** and **Your** refer to the persons and entities insured under this **Policy**. Other terms in bold print have special meaning and are defined in this **Policy**.
>
> In consideration of the premium charged, in reliance upon the statements in **Your** application and subject to the Declarations page, limitations, conditions, definitions and other provisions of this **Policy**, including endorsements hereto, **We** agree with **You** as follows:
>
> **A. COVERAGE**
> 1. <u>Professional Services Coverage</u>
>    **We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as **Damages** because of any **Claim** made against **You** for a **Wrongful Act**.

---

[17] *Id.*, Form 913-1911 01/21, p. 1 of 3.
[18] *Id.*
[19] *Id.*, Form 913-1001 01/21 at p. 1 of 16: "**This is a "defense within limits" Policy with Claims Expenses included within the Limit of Liability. The Limit of Liability available to pay Damages will be reduced by amounts We pay for Claim Expenses as defined in the Policy. Further note that amounts incurred for Claim Expenses and Damages are subject to the deductible**."

\* \* \*

4. <u>Additional Requirements</u>
   The following additional requirements and limitations shall apply to coverage provided under A.1., A.2., and A.3. above:

   \* \* \*

   b. None of **You** had knowledge of a **Wrongful Act**, or any facts or other circumstances, which may reasonably give rise to a **Claim** or **Supplemental Coverage Matter,** or knowledge of any **Claim** or **Supplemental Coverage Matter**, prior to the inception date of this **Policy**;[20]

\* \* \*

D. **DEFINITIONS**

**Claim** means a:

1. Written demand received by an Insured for Damages or Equitable Relief;
2. Suit;[21]

\* \* \*

**Insured**, also referred to as **You** or **Your**, means the **Named Insured** and:

\* \* \*

2. Any individual who was, is or becomes an owner, partner, officer, director, shareholder, associate, paralegal, manager, member or employee of the **Named Insured**, solely while acting in a professional capacity on behalf of the **Named Insured** or a **Predecessor Firm**.[22]

**Named Insured** means the sole proprietor, entity, partnership, or corporation designated on the Declarations Page.[23]

\* \* \*

---

[20] *Id.* at pp. 1-2 of 16.
[21] *Id.*, p. 4 of 16.
[22] *Id.*, p. 6 of 16.
[23] *Id.*

> **Wrongful Act** and **Wrongful Acts** mean any actual or alleged negligent act, error, omission, misstatement, or Personal Injury in the rendering of or failure to render Your Professional Services.[24]

B. <u>**The Underlying Lawsuit**</u>

24. On February 7, 2023, Defendant Adler sued Defendants Bruman and Associates and Steven Bruman in the Underlying Lawsuit, Cause No. 2023-07810 in the 234th Judicial District Court of Harris County, Texas. Defendant Adler filed a first supplemental petition on May 8, 2023.[25]

25. The Underlying Lawsuit alleges:

"Defendant [Steven] Bruman and his law firm Defendant Bruman and Associates took over Adler's representation in March 2018.[26]

Defendants [Steven] Bruman and Bruman and Associates filed an Amended Counter-Petition for Divorce in October 2019. Therein, Defendants [Steven] Bruman and Bruman and Associates added a claim for reimbursement to recover community funds that were used to pay the wife's separate liabilities. But Defendants [Steven] Bruman and Bruman and Associates did not plead a claim for reimbursement of Adler's separate estate.[27]

The divorce case proceeded to trial in January 2020. Therein, Defendants [Steven] Bruman and Bruman and Associates attempted to put on evidence about the use of Adler's separate property funds to buy a presumed community asset, real property located at 8914 Braewick Drive, Houston, Texas 77074. Specifically, Adler used $179,227 of his separate property funds to buy the Braewick property, and his separate property estate should have been reimbursed if the Braewick property were considered community property. The Wife objected to this evidence, asserting that Adler had not pled a reimbursement claim to recover the separate property funds that were used to buy the Braewick property.[28]

Defendants [Steven] Bruman and Bruman and Associates filed a motion for leave and a trial brief, in which they sought leave to amend Adler's petition to add a reimbursement claim in connection with the use of Adler's separate property funds to buy the Braewick property. Therein, Defendants [Steven] Bruman and Bruman and Associates asserted that the Wife's attorney had long been in possession of sufficient proof of Adler's reimbursement claim, as evidenced by bank statements that were exchanged during discovery, the sworn inventory and proposed property division that was filed in October

---

[24] *Id.*, p. 8 of 16.
[25] *See* Ex, C.
[26] Ex. B, ¶14.
[27] *Id.*, ¶15.
[28] *Id.*, ¶16.

9

2019, discovery responses, and other documents. That is, Defendants [Steven] Bruman and Bruman and Associates argued there could be no surprise or prejudice to the Wife because her attorneys had long been in possession of all relevant information to support Adler's reimbursement claim. Of course, this same exact information was available to Defendants [Steven] Bruman and Bruman and Associates well before trial, yet they failed to timely supplement Adler's discovery responses or timely amend Adler's petition to add these claims.[29]

The trial court sustained the Wife's objection on the following grounds: (1) there was no pleading to support a reimbursement claim; (2) the Wife was surprised and prejudiced by the late amendment, and (3) any evidence related to the reimbursement claim must be excluded under Texas Rule of Civil Procedure 193.6 because it was not produced in response to discovery . . . through . . . Defendants [Steven] Bruman and Bruman and Associates' failure to supplement.[30]

In open court, Defendants [Steven] Bruman and Bruman and Associates admitted that their failure to plead a reimbursement claim for Adler's separate estate was a "clerical" error and "a good faith honest mistake."[31]

Later, after a lengthy recess, the trial court also excluded evidence about Adler's $133,647 reimbursement claim for the community estate, which represented community funds that were used to pay the Wife's separate liabilities. The trial court said Defendants [Steven] Bruman and Bruman and Associates had not provided sufficient information in discovery to support this claim and had failed to properly plead this claim.[32]

The trial court signed its Final Decree of Divorce in June 2021. Adler did not recover anything on his reimbursement claims, which was the direct result of Defendants [Steven] Bruman and Bruman and Associates'] negligent acts and omissions.

C.     **Defendants Steve Bruman's and Bruman and Associate's Request for a Defense**

26.     Defendants Steven Bruman and Bruman and Associates tendered the Underlying Lawsuit to Hanover on March 6, 2023 and requested a defense. Hanover agreed to defend Defendants Steve Bruman and Bruman and Associates in the Underlying Lawsuit subject to a full reservation of rights conveyed to them in a letter dated March 16, 2023. Hanover issued a supplemental reservation of rights letter on October 2, 2023. Hanover has continued to defend

---

[29] *Id.*, ¶17.
[30] *Id.*, ¶18.
[31] *Id.*, ¶19.
[32] *Id.*, ¶20.

Defendants Steven Bruman and Bruman and Associates in the Underlying Lawsuit pending a ruling in this lawsuit.

## V. CAUSE OF ACTION

**Count I - Declaratory Judgment: Defendants Bruman and Associates and Steven Bruman Cannot Satisfy the Requirements of the Professional Services Liability Insuring Agreement and therefore Hanover has no Duty to Defend or Indemnify Defendants Bruman and Associates and Steven Bruman in the Underlying Lawsuit.**

27. Hanover repeats and re-alleges each and every allegation found within Paragraphs 1 through 26 above, as though fully set forth herein.

28. The Hanover Policy defines **Insured** to include "[a]ny individual, who was, is or becomes and owner, partner, officer, director, shareholder, associate, paralegal, manager, member or employee of the **Named Insured**, solely while acting in a professional capacity on behalf of the **Named Insured**." The Hanover Policy defines **Named Insured** as the partnership listed on the Declarations, which is Bruman and Associates. Defendant Steven Bruman qualifies as an **Insured** under the Hanover Policy because he is and was owner and president of Defendant Bruman and Associates and at all times alleged in the Underlying Lawsuit, Defendant Steven Bruman was acting in a professional capacity on behalf of Defendant Bruman and Associates.

29. In order for Defendants Steven Bruman and Bruman and Associates to demonstrate coverage exists under the Hanover Policy's Professional Services Coverage, they must prove "None of **You** had knowledge of a **Wrongful Act**, or any facts or other circumstances, which may reasonably give rise to a **Claim** . . . prior to the inception date of this **Policy**.[33]

30. Defendant Steven Bruman, one of the Insureds under the Hanover Policy, had knowledge of facts prior to inception of the Hanover Policy on February 17, 2023, that (1) the trial court in the Adler Divorce denied as untimely and prejudicial Bruman and Associate's motion to

---

[33] Ex. A, ¶¶ 18-20.

amend Adler's counterpetition to add a claim for reimbursement of the $179,227 in Adler's separate property funds used to buy the Braewick home; and (2) the trial court in the Adler Divorce excluded evidence to support Adler's $133,647 reimbursement claim for payments made by the community estate due to Bruman and Associate's failure to adequately respond to discovery or properly plead this claim.[34]

31. An objectively reasonable attorney with knowledge of the same facts known to Defendant Steven Bruman prior to inception of the Hanover Policy could have reasonably foreseen that a Wrongful Act was committed and a claim for malpractice could be asserted by Adler against Defendants Steven Bruman and/or Bruman and Associates.

32. Accordingly, Defendants Bruman and Associates and Steven Bruman are not entitled to coverage under the Hanover Policy and Hanover owes no duty to defend or indemnify Defendants Bruman and Associates and Steven Bruman in the Underlying Lawsuit.

33. Defendant Adler is bound by the Court's judgment in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HANOVER INSURANCE GROUP prays that this Court enter a declaration and judgment in its favor finding that:

(a) Plaintiff HANOVER INSURANCE GROUP has no duty to defend Defendants BRUMAN AND BAER, P.C. dba BRUMAN AND ASSOCIATES and STEVEN BRUMAN against the claims asserted in the Underlying Lawsuit because there is no potential for insurance coverage under the terms and conditions of the Hanover Policy; and

(b) Plaintiff HANOVER INSURANCE GROUP has no duty to indemnify Defendants BRUMAN AND BAER, P.C. dba BRUMAN AND ASSOCIATES and STEVEN BRUMAN against the claims asserted in the Underlying Lawsuit because there is no potential for insurance coverage under the terms and conditions of the Policies.

(c) Defendant BENJAMIN ADLER is bound by the Court's judgment in this lawsuit.

---

[34] Ex. B, ¶¶18-20.

Hanover prays for such additional declaratory and other relief as this Court deems just and proper.

        Respectfully submitted,

        **WALKER WILCOX MATOUSEK LLP**

By:    */s/ Kristine M. Sorenson*
        Kristine M. Sorenson
        State Bar of Texas No. 24072446
        S.D. Texas Bar No. 1044078
        ksorenson@walkerwilcox.com
        Telephone: (713) 343-6580
        1001 McKinney Street, Suite 2000
        Houston, Texas 77002
        Fax: (713) 343-6571

**ATTORNEY FOR PLAINTIFF**
**HANOVER INSURANCE GROUP**